**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ABB, INC.,** | ) | **CASE NO. 1:11CV241** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **WORKSTATIONS EXPRESS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

### I. ISSUE

This matter comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), "failure to state a claim upon which relief can be granted." (ECF Doc. 9.)  For the following reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is DENIED.

### II. FACTS

Plaintiff ABB Inc. ("Plaintiff") "is a technology-based provider of power and automation products, systems, solutions, and services that enable utility and industrial customers to improve their performance while lowering environmental impacts."  (ECF Doc. 1, Pl.'s Compl., 2.)

Defendant Workstations Express LLC ("Defendant") is a third-party vendor that performs sales and service functions with respect to some of Plaintiff's products. *Id.* at 4. Plaintiff brings this action alleging Tortious Interference with Existing and Prospective Business Relations, Violations of the Ohio Deceptive Trade Practices Act ("ODTPA"), and Defamation.

In its Complaint, Plaintiff alleges that beginning around October 2009, Defendant began emailing its customers regarding some of Plaintiff's products. *Id.* at 4. Specifically, Defendant's October 2009 email states:

> [1] [Plaintiff] "does NOT want users to upgrade and stay on UNIX, they want them to move to 800xa (windows),"
>
> [2] "the availability of this RTA board is going to be limited in sale by" [Plaintiff], and
>
> [3] "if you are running . . . older class machines, the sale to the new RTA board will be blocked so you can not upgrade which will force your system in obsolescence."

*Id.* at 5. In November 2009, Defendant sent another email, which stated in pertinent part: "[Plaintiff] dumped several hundred thousand dollars of MOD parts in the trash, including AC460 and SE controllers," the implication being that Plaintiff is seeking to force its customers to upgrade to new systems. *Id.* In November 2009, Plaintiff approached Defendant regarding such statements. *Id.* at 5-6. Plaintiff stated that Defendant's statements were false, and requested Defendant to stop making such statements. *Id.* Nevertheless, in January 2011, Defendant sent yet another email. *Id.* at 6. This email stated:

> [1] that [Plaintiff] "made a decision to no longer take orders for software upgrades to AdvaControl Software;" and
>
> [2] that "all software development and support is now located in India."

*Id.* Plaintiff alleges that all statements from all of the above-mentioned emails are false, and that

such statements have harmed Plaintiff, as one of Plaintiff's main goals in serving its customers is to "ensure that future advances in its systems technologies will enhance, rather than compromise, current customer investments,"–so called "Evolution through Enhancement." *Id.* at 3, 7.

Defendant has filed a Motion to Dismiss Plaintiff's Complaint (ECF Doc. 9), raising three challenges to Plaintiff's Complaint: (1) Plaintiff has failed "to plausibly plead facts permitting the Court to infer that Defendant is liable for [Tortious Interference with Existing and Prospective Business Relations]"; (2) Plaintiff's ODTPA False Advertising claim fails because Plaintiff's allegation "fails to state a claim upon which relief can be granted because Plaintiffs have not asserted that the alleged false statements were material"; and (3) failure to effect proper service of process under Fed. R. Civ. P. 4(m). (ECF Doc. 9, Def.'s Mot. to Dismiss Pl.'s Compl., 1-2.) The Court notes that no specific challenges are made regarding Plaintiff's remaining ODTPA claims or Plaintiff's Defamation claim.

### III. LAW AND ANALYSIS

#### a. Standard of Review

Defendant's Motion to Dismiss is brought under Fed. R. Civ. P. 12(b)(6), which states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted;

"The Supreme Court has recently clarified the pleading standard necessary to survive a Rule 12(b)(6) motion." *CGH Transport Inc. v. Quebecor, World, Inc.,* 261 Fed. App'x. 817, 819 (6th Cir. 2008), citing *Bell Atl. Corp. v. Twombly ,* 550 U.S. 544 (2007); *see also Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937 (2009).  Factual allegations contained in a complaint must "raise a right to relief above the speculative level."  *Id.* at 1965.  *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. "In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007).  Under *Twombly* and *Iqbal,* a plaintiff can "unlock the doors of discovery" if and only if it alleges facts that demonstrate a plausible right to relief.  *Iqbal*, 129 S. Ct. at 1950.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557).  Any legal conclusions presented in the complaint as factual allegations are disregarded in this determination.  *Id*. at 1949-50.

### b. Tortious Interference with Existing and Prospective Business Relations Claim

Defendant argues that Plaintiff's Tortious Interference with Existing and Prospective Business Relations claim is "nothing more than a formulaic recitation of conclusory allegations mirroring–with the exception of the insertion of Defendant's name–the elements of a tortious interference claim under Ohio law."  (ECF Doc. 9, Def.'s Mot. to Dismiss Pl.'s Compl., 4.) Defendant goes on to state that "[a]pplying the modified pleading standards announced in *Twombly*, the courts have found a plaintiff's failure to allege specific facts supporting an inference of *actual disruption* with existing or prospective business relations to be insufficient to withstand a motion to dismiss." *Id.* (emphasis in original).  Notably, however, Defendant relies on case law not binding on this Court.  Of the three cases cited for this proposition of law,

-4-

Defendant relies on a Ninth Circuit opinion and two district court opinions–one from the Northern District of California, and the other from the Northern District of Texas. *See id.* Extensive research on the issue has turned up no opinions from the Sixth Circuit or any of the district courts residing therein that follow the cases relied on by Defendant. As such, a straight-forward application of the *Twombly/Iqbal* standard is appropriate.

Applying the *Twombly/Iqbal* standard, Plaintiff's Tortious Interference with Existing and Prospective Business Relations claim is sufficiently plead to withstand Defendant's Motion to Dismiss. Here, there is no formulaic recitation of conclusory allegations mirroring the elements of the claim. Rather, Plaintiff has carefully presented facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Iqbal*, 129 S. Ct. at 1949. Not only has Plaintiff made allegations sufficient to withstand a motion to dismiss, Plaintiff has also provided real evidence–in the form of exhibits (the emails, discussed above)–to substantiate its claim. (*See* ECF Doc. 1, Pl.'s Compl.) Further, Plaintiff's Complaint consists of some thirty paragraphs preceding the individual counts against Defendant. *See id.* Taken together, all the evidence and allegations demonstrate a right to relief above the speculative level.

### c. ODTPA False Advertising Claim

Defendant argues that Plaintiff's ODTPA claims must fail because "Plaintiff fails to allege that any of the allegedly false and/or misleading statements are material in that they are likely to influence customers' purchasing decisions." (ECF Doc. 9, Def.'s Mot. to Dismiss Pl.'s Compl., 6.) While Defendant is correct in asserting that the word "material" does not appear in Plaintiff's Complaint, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."

*Directv*, 487 F.3d at 476.  Accordingly, Plaintiff has nonetheless plead materiality even though the word "material" does not appear in Plaintiff's Complaint.

At the heart of Plaintiff's Complaint is the allegation that "Defendant's false and misleading statements run directly counter to [Plaintiff]'s commitment to 'Evolution through Enhancement.'"  (ECF Doc. 1, Pl.'s Compl., 3-4.)  The implication is that because "[Plaintiff] is abandoning certain Advant[] technologies . . . customers will find themselves with obsolete . . . technology [from Plaintiff]."  *Id.*  Plaintiff highlights exactly why Defendant's remarks can be so troubling:

> The sale of [products like Plaintiff's] is highly competitive among manufacturers.  The reputation of the manufacturer, therefore, is vital to the continued economic success of manufacturers of [products like Plaintiff's].  Given this competitive environment, it is crucial for [Plaintiff] to maintain its reputation for providing high quality products at competitive prices as well as excellent service and availability of product.

*Id.* at 7.  Based on the information Plaintiff has provided in its Complaint,[1] one can easily see how such allegedly false statements are material.

Further, a finding to the contrary would punish Plaintiff (and all other plaintiffs, for that matter) for failing to plead "a formulaic recitation of conclusory allegations"–here, the word "material."  As noted above, the "formulaic recitation of conclusory allegations" is precisely what *Twombly* and *Iqbal* seek to avoid.  Rather, *Twombly* and *Iqbal* require facts that demonstrate a plausible right to relief; and, even though the word "material" does not appear in Plaintiff's Complaint, that is exactly what Plaintiff has.  *Iqbal*, 129 S. Ct. at 1950.

---

[1]

Which, as noted above, "[the Court must] construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Directv*, 487 F.3d at 476.

Finally,  "[the Sixth Circuit] has historically held that 'disputes should be resolved on their merits rather than procedural or technical grounds.'" *Rosch v. Browning Masonic Cmty., Inc.*, No. 3:07CV3665, 2008 WL 2365017, at *1 (N.D. Ohio 2008).  As such, the failure to explicitly use the word "material" is not a flaw that requires dismissal of Plaintiff's ODTPA False Advertising claim.

### d. Plaintiff's Remaining ODTPA Claims and Plaintiff's Defamation Claim

Defendant does not raise any specific challenges[2] regarding Plaintiff's remaining ODTPA claims or Plaintiff's Defamation claim.  (*See* ECF Doc. 9, Def.'s Mot. to Dismiss Pl.'s Compl.) Accordingly, those claims, as the rest of Plaintiff's claims, are left intact.

### e. Service of Process

Finally, Defendant challenges Plaintiff's Complaint in its entirety by arguing that Plaintiff failed to effect proper service of process under Fed. R. Civ. P. 4(m).  Pursuant to the Court's August 30, 2011, Order (ECF Doc. 17), "[s]ervice was perfected by certified mail on May 7, 2011. . . ."  Thus, the Court has decided the issue of service of process and it is now law of the case.  Accordingly, because the Court has already determined that service of process was perfected, it will not revisit this issue.

### IV. CONCLUSION

---

[2]

Defendant does, however, argue that Plaintiff failed to effect proper service of process under Fed. R. Civ. P. 4(m).  This argument does not attack Plaintiff's claims individually, but rather challenges the validity of Plaintiff's entire Complaint (and thus the Plaintiff's remaining ODTPA claims and Plaintiff's Defamation claim).  For reasons discussed, below, however, this challenge also fails.

For the forgoing reasons, all of Plaintiff's counts survive Defendant's Motion to Dismiss Plaintiff's Complaint.  Plaintiff's Complaint is sufficient to pass muster under *Twombly* and *Iqbal*, especially given the standard of review the Court must employ when evaluating complaints in a motion to dismiss setting.  Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint is DENIED.

**IT IS SO ORDERED.**

**DATE: March 21, 2012**

**  S/Christopher A.  Boyko    **
**CHRISTOPHER A. BOYKO**
**United States District Judge**

-8-